# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FRED L. PERRY,**

          **Plaintiff,**

    **v.**                                                                     **Case No. 06-C-0102**

**LAB CORP, SUBSTANCE ABUSE**
**MANAGEMENT INC., and CONCENTRA**
**MEDICAL CENTER,**

          **Defendants.**

## DECISION AND ORDER

On January 23, 2006, the Court received the complaint of Fred Perry ("Perry") and his request to proceed *in forma pauperis* (IFP). Perry's complaint alleges that he, as a requirement of his employment as a commercial driver, submitted to a random drug test, which he failed. (Compl. 4.) Perry claims that this failure resulted in the termination of his employment. (*Id.*) However, he alleges that the test results were prompted not by the ingestion of any illicit drugs, but by cough syrup containing both codeine and morphine. Perry complains that the testing did not conform to federal testing standards established for commercial drivers, and the defendants were negligent in their testing and/or setting of standards related to the drug test. Accordingly, he seeks "an unspecified amount of monetary and punitive damages by [sic] the defendants for negligence." (*Id.* 6.)

To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2). The Court is obliged to give Perry's *pro se* allegations, however unartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Having reviewed Perry's financial affidavit, the Court finds that he has established his inability to pay the filing costs associated with commencing his action. Next, the Court considers whether Perry's complaint should be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2). Before reaching that inquiry, the Court first raises a jurisdictional concern.

At any point in a proceeding, a court may inquire into the jurisdictional basis of an action pending before it. *See* Fed. R. Civ. P. 12(h)(3); *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (citing *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)). In the present instance, Perry asks for relief from the defendants' negligence. This request articulates a state tort, rather than a federal cause of action.[1] If Perry is claiming

---

[1] Perry's complaint may be interpreted as suggesting that the Defendants' failure to conform to the requirements of the Code of Federal Regulations supports a claim of negligence. Alternatively or additionally, Perry may think that the purported violation of the Code of Federal Regulations sufficiently states a federal claim. This reading does not allay the Court's jurisdictional concerns. A violation of the federal regulations does not automatically create a private, federal cause of action.

2

wrongful termination, that too is a state cause of action. Thus, based on the complaint, this Court cannot say, with certainty, that it has jurisdiction over Perry's action pursuant to 28 U.S.C. § 1331. Nor may the Court exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332 because two of the defendants appear to be residents of the same state as Perry.

Perry's complaint was submitted on a form made available by courts for litigants who are proceeding *pro se*. Despite the plain wording of Rule 8 of the Federal Rules of Civil Procedure requiring a "a short and plain statement of the grounds upon which the court's jurisdiction depends," that form does not require an explanation of the basis for a litigant's invocation of the Court's jurisdiction. The Court, therefore, will stay further consideration of Perry's IFP request and will give him an opportunity to explain why he thinks this Court has subject matter jurisdiction over his action. If Perry cannot provide a basis for invoking the Court's jurisdiction, his action will be dismissed. Lest there should be any confusion, Perry should not take any further action in this case until he has satisfied the Court that it does, in fact, have jurisdiction over his claim.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Perry **SHALL** submit a statement explaining the jurisdictional basis of the present action no later than February 24, 2006. If Perry has not submitted an explanation by that date, the Court will understand that he cannot identify any basis for the Court's exercise of subject matter jurisdiction over his action and it will be dismissed accordingly.

Dated at Milwaukee, Wisconsin this 24th day of January, 2006.

                                        **BY THE COURT**

                                        s/ Rudolph T. Randa
                                        **Hon. Rudolph T. Randa**
                                        **Chief Judge**