# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FRED L. PERRY,**

                **Plaintiff,**

     v.                                                         **Case No. 06-C-0102**

**LAB CORP, SUBSTANCE ABUSE**
**MANAGEMENT INC., and CONCENTRA**
**MEDICAL CENTER,**

                **Defendants.**

## DECISION AND ORDER

On January 23, 2006, the Court received the complaint of Fred Perry ("Perry") and his request to proceed *in forma pauperis* (IFP). Perry's complaint alleges that he, as a requirement of his employment as a commercial driver, submitted to a random drug test, which he failed. (Compl. 4.) Perry claims that this failure resulted in the termination of his employment. (*Id*.) However, he alleges that the test results were prompted not by the ingestion of any illicit drugs, but by cough syrup containing both codeine and morphine. Perry complains that the testing did not conform to federal testing standards established for commercial drivers, and the defendants were negligent in their testing and/or setting of standards related to the drug test. Accordingly, he seeks "an unspecified amount of monetary and punitive damages by [sic] the defendants for negligence." (*Id*. 6.)

By order dated January 24, 2006, the Court found that it required more information to fully analyze Perry's request to proceed with his action *in forma pauperis*. The Court explained that, while Perry had established his inability to pay the filing fee for his action, the Court could not discern a federal cause of action in his complaint. Nor were the parties named therein diverse. The Court requested additional information from Perry pertaining to the basis for his invocation of this Court's jurisdiction.

On February 21, 2006, the Court received Perry's jurisdictional explanation. In terms of allegations that might establish federal jurisdiction, Perry alleges a violation of his Fourteenth Amendment rights, specifically his right to equal protection. Pleading a Fourteenth Amendment violation is sufficient to invoke this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1331. Thus, the Court is satisfied that it possesses jurisdiction over Perry's suit.[1] As such, the Court proceeds with its IFP analysis.

To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2). As stated above, Perry

---

[1] Perry's complaint indicates that he was involved in a civil suit in Milwaukee state court with at least one of the defendants. As information about that suit becomes available, the Court may need to revisit the propriety of its exercise of jurisdiction over Perry's action.

2

already established his financial indigence for purposes of filing this action. The Court now must consider the second prong of the IFP inquiry.

Based on the complaint before it, the Court can not say that Perry's suit is frivolous or malicious. The Court also sees no reason why the named defendants would be immune from the relief that Perry seeks. Whether Perry has stated a federal claim on which relief may be granted is an open question, however. Perry's federal claim is, in essence, one brought pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment. The Fourteenth Amendment, though, applies only to state actors, not to the federal government or private actors. Thus, for Perry to prevail on his federal claim(s), he will need to establish that the named defendants are state actors for purposes of Section 1983.[2]

Based on the foregoing, the Court cannot say that Perry's complaint fails to state a claim upon which relief can be granted. Therefore, his request to proceed with his action *in forma pauperis* is granted. The Court, at this point, will also exercise supplemental jurisdiction over any state law claims contained in his complaint. *See* 28 U.S.C. § 1367.

Since the present action will move forward, the Court puts Perry on notice that he is expected to comply with the Federal Rules of Civil Procedure, this Court's own local rules, and any other rules applicable to the prosecution of his action. Perry's *pro se* status does not

---

[2] Section 1983 actions may be brought against private individuals who act under color of state law. *See Johnson v. La Rabida Children's Hosp.*, 372 F.3d 894, 896 (7th Cir. 2004). A private party acts under color of state law when the state either (1) effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision"; or (2) "delegates a public function to a private entity." *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999).

3

exempt him from complying with these rules and any Court orders. Failure to comply with applicable rules and orders in a timely fashion may result in the striking of filings, the imposition of sanctions, or even the dismissal of his action.

4

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Perry's Motion for Leave to Proceed in Forma Pauperis (Docket No. 2) is **GRANTED**.

The Clerk of Court **SHALL** file the complaint received on January 23, 2006.

The United States Marshal **SHALL** serve a copy of the complaint in Case No. 06-C-0102, the summons, and this order upon the Defendants pursuant to Federal Rule of Civil Procedure 4.

Perry is hereby notified that, from now on, he is required, under Fed. R. Civ. P. Rule 5(a), to send a copy of every paper or document filed with the Court to the Defendants or the Defendants' attorney(s). Perry should also retain a personal copy of each document. If he does not have access to a photocopy machine, Perry may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to each respondent or to the respondent's attorney.

Dated at Milwaukee, Wisconsin this 4th day of April, 2006.

BY THE COURT

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**