# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FRED L. PERRY,**

                     Plaintiff,

  -vs-                                                             **Case No. 06-C-102**

**CONCENTRA MEDICAL CENTER,**

                     Defendant.

## DECISION AND ORDER

Fred Perry ("Perry"), a *pro se* plaintiff proceeding *in forma pauperis*, alleges that he was terminated from his employment as a commercial driver pursuant to the results of a random drug test. Perry originally brought suit against Laboratory Corporation of America ("LabCorp"), Substance Abuse Management Inc. ("SAMI"), and Concentra Medical Center ("Concentra"). LabCorp and SAMI moved to dismiss. The Court granted these motions on December 27, 2006. The Court held that Perry failed to state a claim under 42 U.S.C. § 1983 because LabCorp and SAMI were not acting under color of law. This left Concentra as the lone remaining defendant. Now before the Court is Concentra's motion for summary judgment.

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In its motion, Concentra complied with Civil L.R. 56.1 (E.D. Wis.) (Summary Judgment Motions in Pro Se Litigation) by providing a "short and plain statement that any factual assertion in the movant's affidavit(s) or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion." Civil L.R. 56.1(a)(1). Concentra also re-produced the text of Fed. R. Civ. P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, and Civil L.R. 7.1, *see* Civil L.R. 56.1(a)(2), and the motion was properly served on Perry at his last known address.

In response, Perry has failed to provide any admissible documentary evidence. An adverse party "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, *by affidavits or as otherwise provided in this rule*, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)(emphasis added).

Although *pro se* plaintiffs are subject to more lenient standards, there is no lower standard when it comes to complying with procedural rules. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Moreover, Perry was specifically warned of the consequences if he failed to comply with these rules. Therefore, Concentra's proposed findings of fact are undisputed and accepted as true for purposes of this motion. *See Runnels v. Armstrong World Industries, Inc.*, 105 F. Supp. 2d 914, 918 (C.D. Ill. 2000) ("because plaintiff has submitted no facts or evidence to

-3-

contradict [the defendant's] version of events, [defendant's] facts are undisputed for purposes of this motion").

In order to hold Concentra, a private entity, accountable as a state actor under § 1983, one of the following conditions must be met: (1) the state effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision or (2) the state delegates a public function to the private entity. *See Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999).

The undisputed facts demonstrate that Perry cannot meet either of these requirements. Concentra's sole function is to collect urine samples and forward them for testing at separate locations. In the instant case, Concentra collected Perry's urine sample at the request of Perry's employer. Concentra sent Perry's urine sample to LabCorp for analysis. (Defendant's Proposed Findings of Fact, ¶¶ 5-6, 14; Docket No. 41). No state actors were involved at any stage of the process. Therefore, Perry cannot state a § 1983 claim.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Concentra's motion for summary judgment [Docket No. 39] is **GRANTED**; and

2. This matter is **DISMISSED** with prejudice.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2007.

           **SO ORDERED,**

           **s/Rudolph T. Randa**
           **HON. RUDOLPH T. RANDA**
           **Chief Judge**